NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERNESTO REYNA, | : | |
| | : | Civil Action No. 12-2665 (JLL) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ROY L. HENDRICKS, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
Ernesto Reyna
Essex County Correctional Facility
Newark, NJ 07105

Counsel for Respondents
Gisela A. Westwater
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868
Ben Franklin Station
Washington, DC  20044

**LINARES**, District Judge

Petitioner Ernesto Reyna, an immigration detainee currently confined at Essex County Correctional Facility in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging his pre-

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts

removal-order detention without a bond hearing, purportedly
pursuant to 8 U.S.C. § 1226(c). The sole proper Respondent is
Warden Roy L. Hendricks.[2]

For the reasons stated below, the Petition will be dismissed
as moot.

## I.    BACKGROUND

Petitioner Ernesto Reyna is a native and citizen of
Argentina who came to the United States as a Lawful Permanent
Resident in 1987.

On October 2, 2006, Petitioner was convicted of possessing
cocaine with the intent to distribute, in violation of N.J.S.A.
2C:35-5A(1), and distributing marijuana on or within 1,000 feet
of school property, in violation of N.J.S.A. 2C:35-7. Petitioner
was sentenced to 270 days confinement and three years of

---

and any circuit judge within their respective
jurisdictions.
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

[2] The other named Respondents include U.S. Attorney General
Eric Holder, Jr., Secretary Janet Napolitano of the Department of
Homeland Security, and Field Office Director John Tsoukaris of
the Bureau of Immigration and Customs Enforcement. The only
proper respondent to a habeas petition challenging current
confinement is the warden of the facility where the prisoner is
being held, see Rumsfeld v. Padilla, 542 U.S. 426 (2004); see
also Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).

probation.   Petitioner was not taken into custody by immigration authorities upon his release from his criminal sentence.

On September 12, 2011, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging that Petitioner was subject to removal from the United States, (1) pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), for having been convicted of an aggravated felony, an offense relating to the illicit trafficking in a controlled substance, and (2) pursuant to Section 237(a)(2)(B)(i) of the INA, for having been convicted of a violation of any law of a state relating to a controlled substance (other than a single offense involving possession for one's own use of 30 grams or less of marijuana).   Also on September 12, 2011, DHS issued a Notice of Custody Determination which stated that Petitioner was to be detained pending a final decision on removability, and that Petitioner could not request a review of the custody determination because the INA prohibited his release from custody.   Petitioner was taken into custody by immigration authorities on or about September 20, 2011, and his custody continues to the present time.[3]

---

[3] A master calendar removal hearing was held on October 4, 2011, at which Petitioner requested a continuance so that he could seek post-conviction relief related to his 2006 convictions.   At the next master calendar hearing, on October 25, 2011, Petitioner again requested a continuance to pursue post-conviction relief.   At the next master calendar hearing on November 29, 2011, Petitioner requested and received another

3

On February 7, 2012, Petitioner requested but then rescinded another request for a continuance; he then conceded the convictions charged in the Notice to Appear.  Thereupon, the Immigration Judge determined that Petitioner was removable as charged, denied the application for cancellation of removal, and ordered Petitioner removed to Argentina.

Petitioner timely appealed the removal order to the Board of Immigration Appeals ("BIA").  Petitioner's brief was due by April 17, 2012, but Petitioner requested and received an extension, filing his brief on or about May 8, 2012.  The BIA denied the appeal on May 30, 2012.  On June 25, 2012, Petitioner moved for reconsideration of the BIA denial, which the BIA granted on August 16, 2012.

The Immigration Judge set Petitioner's case for a new hearing on September 11, 2012.  On September 11, 2012, Petitioner requested and received a continuance to retain new legal counsel and to file various additional applications for relief.  On September 25, 2012, Petitioner requested and received another continuance, again to seek new legal counsel.  The case was adjourned to October 18, 2012.

---

continuance to prepare for a merits hearing on his application for cancellation of removal.  At the master calendar hearing on December 22, 2011, Petitioner requested and received an adjournment due to his pending direct appeal of his criminal convictions.

4

On October 18, 2012, an Immigration Judge ordered Petitioner removed to Argentina.  Petitioner waived all appeal of the removal order.

Here, Petitioner argues that he is not subject to mandatory pre-removal-order detention under 8 U.S.C. § 1226(c), described more fully below, because he was not taken into custody immediately upon his release from his criminal sentence.  Rather, he contends that the government can detain him only under the discretionary detention provision of 8 U.S.C. § 1226(a).  Thus, he asks this Court to order immigration authorities to conduct a hearing to determine his eligibility for release on bond.

Respondent asks this Court to dismiss the Petition as moot, based upon the issuance of an administratively final removal order, as Petitioner is no longer detained pursuant to the pre-removal-order § 1226, but pursuant to the post-removal-order § 1231, which permits detention during a presumptively reasonable six month removal period.

This Court agrees that the Petition has become moot.

## II.   RELEVANT STATUTES

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings.

Title 8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the

5

pre-removal-order period when the decision as to whether the alien will be removed from the United States is pending.   The statute provides,

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on-
>>
>>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>>
>>> (B) conditional parole; but
>>
>> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.
>
> (b) Revocation of bond or parole
>
> The Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.

Certain criminal aliens,[4] however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1)(B), which provides in relevant part that:

> The Attorney General shall take into custody any alien who -
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title, (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227 (a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

Section 1226(c)(2) permits release of criminal aliens only under very limited circumstances not relevant here.

In short, detention under § 1226(a) is discretionary and permits release on bond, while detention under § 1226(c) generally is mandatory. These generally are referred to as "pre-removal-order" detention provisions.

"Post-removal-order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

---

[4] There is no dispute that Petitioner's convictions are of the type enumerated in § 1226(c).

7

> The removal period begins on the latest of the
> following:
>
> (i) The date the order of removal becomes
> administratively final.
> (ii) If the removal order is judicially reviewed and if
> a court orders a stay of the removal of the alien, the
> date of the court's final order.
> (iii) If the alien is detained or confined (except
> under an immigration process), the date the alien is
> released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  Section 1231(a)(6) permits continued

detention if removal is not effected within 90 days.  However,

the Supreme Court has held that such post-removal-order detention

is subject to a temporal reasonableness standard.  Specifically,

once a presumptively-reasonable six-month period of post-removal-

order detention has passed, a detained alien must be released if

he can establish that his removal is not reasonably foreseeable.

See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez,

543 U.S. 371 (2005).

    Finally, "[a]n order of removal made by the immigration

judge at the conclusion of proceedings ... shall become final ...

[u]pon waiver of appeal by the respondent."  8 C.F.R.

§ 1241.1(b).


### III.   ANALYSIS

A.   Jurisdiction

    Under 28 U.S.C. § 2241(c), habeas relief "shall not extend

to a prisoner unless ... [h]e is in custody in violation of the

8

Constitution or laws or treaties of the United States." 28
U.S.C. § 2241(c)(3). A federal court has subject matter
jurisdiction under § 2241(c)(3) if two requirements are
satisfied: (1) the petitioner is "in custody," and (2) the
custody is alleged to be "in violation of the Constitution or
laws or treaties of the United States." 28 U.S.C. § 2241(c)(3);
Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d
540 (1989).

This Court has subject matter jurisdiction over this
Petition under § 2241 because Petitioner was detained within its
jurisdiction, by a custodian within its jurisdiction, at the time
he filed his Petition. Petitioner also asserts that his
mandatory detention is not statutorily authorized by 8 U.S.C.
§ 1226(c), and that it violates his due process rights. See
Zadvydas v. Davis, 533 U.S. 678, 699, 121 S.Ct. 2491, 150 L.Ed.2d
653 (2001); Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d
Cir.2005).

B.   Petitioner's Detention

Petitioner originally challenged the lawfulness of his pre-
removal-order detention pursuant to § 1226(c). During the
pendency of this matter, however, an administratively final order
of removal has been entered against Petitioner. Because a final
order of removal has been entered, Petitioner is no longer

9

detained pursuant to § 1226(c), which governs only detention prior to the entry of a final order of removal.

Instead, Petitioner is now detained pursuant to 8 U.S.C. § 1231(a), which governs the detention and removal of an alien subject to a final order of removal. As noted above, Section 1231(a)(2) requires the detention of such aliens during the 90-day removal period. Detention beyond the end of the 90-day removal period is governed by the constitutional principles set forth by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

Because Petitioner is no longer detained pursuant to § 1226(c), as he was at the time he filed this Petition, the challenge to his pre-removal order detention has become moot. Petitioner has asserted no challenge to his post-removal order detention pursuant to § 1231(a)(2), nor could he at this time.[5] As there is no longer a live "case or controversy" regarding Petitioner's pre-removal order detention, see U.S. Constitution,

---

[5] To state a claim under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired. See, e.g., Akinvale v. Ashcroft, 287 F.3d 1050, 1051-52 (11th cir. 2002); Hall v. Sabol, Civil No. 12-0967, 2012 WL 3615464 (M.D. Pa. Aug. 21, 2012); Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. Ga. 2002); Monpremier v. Chertoff, Civ. No. 05-384, 2007 WL 909575 (N.D. Fla. March 21, 2007). Thus, any challenge to post-removal-order detention is not yet ripe. See, e.g., Ferrer-Chacon v. Department of Homeland Security, Civil No. 06-4452, 2006 WL 3392930 (D.N.J. 2006).

Article III, this Petition must be dismissed as moot.  See <u>Rodney</u>
<u>v. Mukasey</u>, 340 Fed.Appx. 761 (3d Cir. 2009); <u>De La Teja v.</u>
<u>United States</u>, 321 F.3d 1357, 1361-63 (11th Cir. 2003).[6]

IV.   <u>CONCLUSION</u>

For the reasons set forth above, this Court will dismiss the
Petition and all pending applications as moot.

An appropriate order follows.

_____
Jose L. Linares
United States District Judge

Dated:   12|20|12

---

[6] As noted by the Court of Appeals for the Eleventh Circuit
in <u>De La Teja</u>, 321 F.3d at 1363, because Petitioner is now
subject to a final order of removal, he will not be subject to
pre-removal order detention in the future, so the narrow
exception for cases that are capable of repetition yet evading
review can not apply here.

11